IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| FIDEL GONZALEZ MOLINA, | CV 24–183–BU–DWM |
| Plaintiff, | |
| vs. | ORDER |
| SHERIFF ED LESTER, CHIEF MARK JOHNSON, CAPTAIN RAY VAUGHN, and BUTTE-SILVER BOW COUNTY, | |
| Defendants. | |

Plaintiff Fidel Gonzalez Molina, a state pretrial detainee proceeding pro se, alleges that his constitutional rights were violated when he was not provided with toothpaste for several weeks at the Butte-Silver Bow Detention Center.  (Doc. 2.) Molina names as defendants Sheriff Ed Lester, Chief Mark Johnson, Captain Ray Vaughn, and Butte-Silver Bow County (collectively, "Defendants").  (*Id.*) Defendants have moved for summary judgment on the ground that Molina was not denied toothpaste and, even if he had been, he cannot show that Defendants were deliberately indifferent.  (Docs. 20–24.)  Despite being given additional time to do so, (*see* Doc. 26), Molina has not responded to the motion.  For the reasons stated below, Defendants' motion is granted.

1

**B**ACKGROUND

The following facts are undisputed unless otherwise noted, (*see* Doc. 22), and viewed in the light most favorable to Molina. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam).

## I.    Molina's Claims

From April to August 2024, Molina was a pretrial detainee at the Butte-Silver Bow Detention Center (the "Detention Center") in Butte, Montana. (Doc. 22 at ¶ 1.) Molina alleges that that he was without toothpaste from April 15, 2024, to June 14, 2024, and from July 16, 2024, to August 15, 2024. (Doc. 2 at 3.) According to Molina, he filed several grievances alleging that he was denied toothpaste for multiple weeks. (*See id.* at 4.) Defendants either provided no response to those grievances or prison staff indicated that toothpaste had been on back order. (*See id.* 4–5.) Molina alleges that the lack of toothpaste resulted in a sore throat, stomachache, bleeding gums, and foul breath. (*See id.* at 5.) Molina did not submit any requests for medical or dental treatment. (Doc. 22 at ¶ 28.)

## II.    Toothpaste Procurement

Chief Johnson was responsible for ordering the hygiene products for inmates at the Detention Center from the Bob Barker Company ("Bob Barker"), which is a nationwide supplier for federal, state, and local corrections and detention facilities. (Doc. 22 at ¶ 4.) Johnson ordered 10 cases of toothpaste from Bob Barker, each

2

containing 144 0.85-ounce tubes of Nature Mint toothpaste, on April 29, 2024.

(*Id.* ¶ 5.)  The Detention Center received that order within a week or less.  (*Id.* ¶ 6.)

Johnson ordered an additional 15 cases of toothpaste from Bob Barker on

May 2, 2024.  (*Id.* ¶ 9.)  Upon placing that order, Johnson was notified that the

toothpaste was on "backorder and would ship separately" from the remainder of

the Detention Center's order.  (*Id.* ¶ 10 (alteration omitted).)  There is no indication

the Detention Center ever received the back-ordered toothpaste.

Johnson ordered 4 cases containing 1,000 0.28-ounce packets of Nature

Mint toothpaste from Bob Barker on June 11, 2024.  (*Id.* ¶ 11.)   Upon placing that

order Johnson was once again informed that the toothpaste was on "backorder and

would ship separately."  (*Id.* ¶ 12 (alteration omitted).)  There is no indication that

the Detention Center ever received this order.

Johnson ordered 4 cases containing 240 0.85-ounce tubes of Colgate

toothpaste from Bob Barker on June 14, 2024.  (*Id.* ¶ 13.)  The Detention Center

received this order during the week of June 17, 2024.  (*Id.* ¶ 14.)

Inmates complained about toothpaste in July 2024 because tubes were not

available for purchase at the canteen.  (*Id.* ¶ 16.)  As a result, on July 16, 2024, the

Detention Center purchased additional toothpaste from the Dollar Tree in Butte.

(*Id.* ¶ 17.)  This toothpaste was provided to inmates individually in plastic cups

distributed by detention staff.  (*Id.*)  According to Defendants, each cup provided

enough toothpaste to last for one week but additional toothpaste could be distributed if necessary.  (*Id.*)

Johnson ordered 1 case containing 1,000 0.15-ounce packets of Colgate toothpaste and 5 cases containing 240 0.85-ounce tubes of Colgate toothpaste from Bob Barker on August 9, 2024.  (*Id.* ¶ 18.)  This order was received by the Detention Center the week of August 12, 2024.  (*Id.* ¶ 19.)  In the interim, on August 11, 2024, the Detention Center purchased additional toothpaste from the Dollar Tree in Butte, which was once again distributed in plastic cups.  (*Id.* ¶ 23.)

Johnson ordered 8 cases containing 240 0.85-ounce tubes of Colgate toothpaste from Bob Barker on September 6, 2024.  (*Id.* ¶ 25.)  The Detention Center received this order the following week.  (*Id.* ¶ 26.)

According to Johnson, "[e]ach inmate/pre-trial detainee uses approximate one tube [of toothpaste] per week."  (Doc. 23 at ¶ 11.)  With an average inmate population of 134 individuals, Johnson opines there would have been more than enough toothpaste received in the above orders to satisfy all inmate needs.  (*See id.* at ¶¶ 10, 11, 18, 23, 24, 30.)

## III.    Procedural Background

Molina filed suit, alleging that the lack of toothpaste violated his Eighth Amendment rights on November 18, 2024.  (Doc. 2.)  The Court ordered Defendants to answer on January 17, 2025.  (Doc. 9).  Defendants filed an answer

on March 11, 2025. (Doc. 16). A scheduling order was entered, (Doc. 18), and Defendants filed the present motion for summary judgment on July 23, 2025, (Doc. 20). Defendant's motion is accompanied by the requisite Rand notice. (Doc. 24.) Despite Molina's failure to respond, Defendants' motion must still be evaluated on the merits. *See Evans v. Indp. Order of Foresters*, 141 F.3d 931, 932 (9th Cir. 1998).

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it impacts the outcome of the case in accordance with governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Tatum v. Moody*, 768 F.3d 806, 814 (9th Cir. 2014). The nonmoving party still must identify, with some reasonable particularity, the evidence that it believes precludes summary judgment. *See Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (explaining that while pro se parties are exempted from "*strict* compliance with the summary judgment rules," they are "not exempt[ed] . . . from *all* compliance[,]" such as the requirement to identify or

5

submit competent evidence in support of their claims).

## ANALYSIS

The Due Process Clause requires that pretrial detainees be provided with adequate food, clothing, shelter, sanitation, and medical care. *See Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (addressing outdoor exercise). To prove a due process violation based on the conditions of confinement, a plaintiff must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). The deprivation of basic hygiene items, such as toothpaste, can be considered a constitutional violation if it results in significant harm or poses a substantial risk of serious harm. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("Dental care is one of the most important medical needs of inmates.").

Defendants assert that they are entitled to summary judgment on the grounds that no Fourteenth Amendment violation occurred because the Detention Center had sufficient toothpaste for all inmates during the timeframe of Molina's

6

allegations and Defendants took reasonable available measures to abate the risk.[1] Because Defendants are correct as to the latter, summary judgment is granted in their favor.

### A.    Toothpaste Supply

Defendants first argue that Molina's claim fails on the merits because the undisputed facts show that the Detention Center had sufficient toothpaste for all inmates during the relevant timeframe. This argument is not premised on any evidence or testimony as to conditions on the ground at the time. Defendants argue instead there was sufficient, available toothpaste when the facility ordered enough toothpaste to equip the average inmate population of 134 people with one "tube" per week. (*See generally* Doc. 22; Doc. 23 at ¶ 11.) Molina has presented no evidence regarding this issue. The very premise of his claim is that he was not given toothpaste during the identified periods. (*See* Doc. 2 at 5.) Defendants' calculations about order amounts and average use does not directly contradict that assertion. A fundamental difference exists between whether there should have been enough toothpaste and whether there actually was enough toothpaste. Recognizing that Molina has failed to carry his summary judgment burden, *see*

---

[1] Defendants also argue that Molina has failed to meet the standard for municipal liability. *See Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). Because Molina's Fourteenth Amendment claim fails on the merits, this argument is not addressed here.

*Soto*, 882 F.3d at 872, a genuine issue of fact likely remains as to this issue.
Nevertheless, Defendants' efforts to obtain toothpaste and provide it to inmates
shows they were not deliberately indifferent to the needs of the inmates.

### B.    Reasonable Available Measures

Defendants further argue that Molina cannot show the third element under
*Gordon* is met here.  Given the record, that argument is persuasive.  "With respect
to the third element [under *Gordon*], the defendant's conduct must be objectively
unreasonable, a test that will necessarily turn on the facts and circumstances of
each particular case."  *Gordon*, 888 F.3d at 1125 (cleaned up).  Ultimately, "the
plaintiff must prove more than negligence but less than subjective intent—
something akin to reckless disregard."  *Id.* (quotation marks and footnote omitted).
"The mere lack of due care by a state official does not deprive an individual of life,
liberty, or property under the Fourteenth Amendment."  *Id.* (quotation marks
omitted).

The undisputed facts show that Defendants consistently ordered or attempted
to order toothpaste for inmates.  (*See generally* Doc. 22.)  There were delays in
receiving toothpaste and Defendants did not immediately seek an alternative
supply of toothpaste.  The record does not support a finding that Defendants'
alleged failure to provide toothpaste amounted to reckless disregard.  To the
contrary, the record shows that, despite the delay, Defendants took "reasonable

available measures to abate th[e] risk," *Gordon*, 888 F.3d at 1125, including switching the type of toothpaste ordered and proactively buying toothpaste from a local vendor in the interim, (*see generally* Docs. 22, 23).  Molina's claim fails on this ground.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Defendants' motion for summary judgment (Doc. 20) is GRANTED.  The Clerk is directed to enter judgment in favor of Defendants and close the case file.

DATED this 21st day of October, 2025.

_____
Brian Morris, Chief District Judge
United States District Court

9